IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAYMOND BETHEL, )
)
   Plaintiff, )
)
v. ) Civil Action No. 3:11cv07–HEH
)
VIRGINIA STATE POLICE )
SEX OFFENDER REGISTRY, *et al.*, )
)
   Defendants. )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Raymond Bethel, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). In his original complaint, Bethel did not identify the particular constitutional right that was violated by the defendants' conduct. Accordingly, by Memorandum Order entered on December 21, 2011, the Court directed Bethel to submit within fourteen (14) days of the date of entry thereof a particularized complaint, which specified how the defendants violated his rights. The Court warned Bethel that the failure to submit the particularized complaint in accordance with the Court's instructions would result in the dismissal of the action.

On February 1, 2012, Bethel moved for an extension of time to submit a particularized complaint. Bethel explained that he had not received the Court's December 21, 2011 Memorandum Order. Upon excusable neglect shown, *see* Fed. R. Civ. P. 6(b)(1)(B), the motion will be granted and the Court will consider Bethel's Particularized Complaint received on February 8, 2012.

In his Particularized Complaint, Bethel recounts the difficulties he has experienced with local probation offices and the Virginia State Police Sex Offender Registry. Bethel, however, once again failed to identify any constitutional right or right conferred by a law of the United States that the defendants violated. *Id.* Accordingly, the action will be dismissed without prejudice for failure to state a claim.[1]

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 3, 2012
Richmond, Virginia

---

[1] To the extent Bethel is on probation and wishes to challenge the conditions of his probation, the more appropriate vehicle may be a petition for a writ of habeas corpus under 28 U.S.C. § 2254.